# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LLOYD EDWARD FLANAGAN,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-301-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **[UNOPPOSED] MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT 28 U.S.C. § 2412(d) (Doc. No. 17)**
>
> **FILED:** June 16, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff's Motion for an award of fees follows the issuance of an Order and Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). Doc. Nos. 15 and 16. The Commissioner is not opposed to the Motion. Doc. No. 20.

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed;

the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Plaintiff's Motion seeks an award of attorney's fees in the amount of $2,145.31, calculated at the rate of $168.62 per hour ($125.00 adjusted for cost of living increase of 35% (Consumer Price Index)) for 10.66 hours of work expended in 2007 and calculated at the rate of $173.91 per hour ($125.00 adjusted for cost of living increase of 39% (Consumer Price Index)) for 2 hours of work expended in 2007. *See Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate); Doc. No. 17 at 4-5 (CPI analysis). Plaintiff's counsel took the unusual but commendable step of supplying the affidavit of Charles L. Carlton, Esq. in support of a $200 per hour reasonable rate. Doc. No. 19. While the Court appreciates Plaintiff's counsel's thoroughness, the Court must still award the rate at the statutory EAJA amount, which it generally does without expert affidavit based on counsel's competent representation in a case.

Upon review of the supporting papers filed by Plaintiff and the Commissioner having no objection, the Court finds that these sums are reasonable and an award is appropriate under the EAJA. It is therefore **ORDERED** that the motion is **GRANTED** and judgment be entered for Plaintiff in the amount of **$2,145.31** for attorney's fees.

**DONE** and **ORDERED** in Orlando, Florida on June 27, 2008.

*David A. Baker*

    DAVID A. BAKER
    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record